```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HERNAN MORENO,

                Movant,

      -v-                                                         94-CR-0165-04 (BSJ)
                                                                  13-CV-8069 (RA)
UNITED STATES OF AMERICA,

                Respondent.
                                                                  OPINION AND ORDER
------------------------------------------------------------X

OSCAR MORENO,

                Movant,

      -v-                                                         94-CR-0165-03 (BSJ)
                                                                  13-CV-8705 (RA)
UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------X
```

RONNIE ABRAMS, United States District Judge:

Hernan Moreno and Oscar Moreno (collectively "Petitioners"), proceeding *pro se*, jointly filed petitions to vacate, set aside or correct their sentences pursuant to 28 U.S.C. § 2255. Because Petitioners' convictions became final on December 5, 2002, the Court ordered them to show cause by affirmation why their habeas petitions should not be denied as time barred. In their joint memorandum of law and "Affirmation for Timeliness" ("Affirmation") submitted in response, Petitioners argue that their petitions are timely because they seek relief based on a new right recognized for the first time by the Supreme Court in Alleyne v. United States, 133 S. Ct. 2151 (2013). Because Alleyne is not retroactively applicable on collateral review, the petitions are untimely—and otherwise without merit—and are hereby dismissed.

I.  **Background**

   A.  **Criminal Proceedings**

Petitioners were tried jointly and convicted of conspiring to violate the narcotics laws; maintaining a place for the purpose of manufacturing, distributing, or using narcotics; and conspiring to tamper with a witness. United States v. Hernan Moreno, No. 94 Crim. 0165-04, Dkt. 122; United States v. Oscar Moreno, No. 94 Crim. 0165-03, Dkt. 124. They were both sentenced to life imprisonment. Id. On June 22, 1999, the Second Circuit affirmed Petitioners' convictions but remanded so that the district court could determine the amount of powder cocaine for sentencing purposes. United States v. Moreno, 181 F.3d 206, 216 (2d Cir. 1999). In amended judgments issued on December 20, 2000, Petitioners were each resentenced to a total term of forty-five years of imprisonment. No. 94 Crim. 0165-04, Dkt. 35; No. 94 Crim. 0165-03, Dkt. 34. Petitioners again appealed, and the Second Circuit affirmed the amended judgments against them on September 6, 2002. United States v. Moreno, No. 00-1826 (2d Cir. Sept. 6, 2002). They did not seek a writ of certiorari in the Supreme Court.

By orders dated August 17, 2010, Judge Jones *sua sponte* granted Petitioners sentence reductions pursuant to 18 U.S.C. § 3582(c)(2), reducing their terms of imprisonment from 540 months to 360 months. No. 94 Crim. 0165-03, Dkt. 144; No. 94 Crim. 0165-04, Dkt. 145. On November 10, 2011, Petitioners jointly filed § 3582(c)(2) petitions, seeking to further reduce their sentences. No. Crim. 0165-03 & -04, Dkt. 150. On December 10, 2012, Judge Jones granted Hernan Moreno's petition, reducing his sentence to 292 months, and denied Oscar Moreno's petition. No. 94 Crim. 0165-03, Dkt. 154; No. 94 Crim. 0165-04, Dkt. 153.

   B.  **Habeas Proceedings**

Petitioners filed their first habeas petitions separately in August and November of 2006. See No. 06 Civ. 6302, Dkt. 1 (Oscar Moreno's first petition); No. 06 Civ. 12944, Dkt. 1 (Hernan

Moreno's first petition). They subsequently filed requests to withdraw the petitions. No. 06 Civ. 6302, Dkt. 3; No. 06 Civ. 12944, Dkt. 4. Judge Daniels granted both of their requests on January 3, 2008, and dismissed their habeas petitions without prejudice to re-filing within ninety days. No. 06 Civ. 6302, Dkt. 3; No. 06 Civ. 12944, Dkt. 4. Petitioners did not re-file within ninety days.

Thereafter, Petitioners took no action until May 11, 2009, when they jointly submitted their second habeas petitions. No. 94 Crim. 0165-03 & -04, Dkt. 141-42. For reasons that are unclear, these petitions were docketed only in their criminal cases, rather than being docketed in their previous habeas cases or designated as new habeas cases.

On October 6, 2010, Petitioners filed memoranda of law, which appeared to seek to amend their first habeas petitions, and motions for evidentiary hearings. No. 06 Civ. 6302, Dkt. 4-6; No. 06 Civ. 12944, Dkt. 5-7. They filed these submissions under the case numbers assigned to their first habeas cases, although those cases had been dismissed by Judge Daniels more than two years before. Id.

On August 9, 2013, Petitioners requested that their second habeas petitions be dismissed. No. 94 Crim. 165-03, Dkt. 156; No. 94 Crim. 165-04, Dkt. 155. On August 20, 2013, Judge Preska granted Hernan Moreno's request and denied his second habeas petition as "moot." No. 94 Crim. 165-04, Dkt. 157. Oscar Moreno's request was apparently not addressed.

Petitioners' present habeas petitions were deemed filed as of October 28, 2013. No. 13 Civ. 8069, Dkt. 7; No. 13 Civ. 8705, Dkt. 2. They now argue that they are entitled to additional sentence reductions based on the Supreme Court's decision in Alleyne. (Pet'r's' Mem. of Law 12-29.) On January 9, 2014 the Court issued an Order directing Petitioners to show cause by affirmation why their petitions should not be denied as time barred. On March 6, 2014, they jointly filed the Affirmation which is now before the Court.

## II.     Discussion

### A.     Second or Successive Petitions

Petitioners argue in their Affirmation that their current habeas petitions are not "second or successive" actions pursuant to 28 U.S.C. § 2255(h), because their previous petitions were not resolved on the merits. Pet'r's' Aff. 4. As their current petitions are time barred and otherwise lacking in merit, the Court need not decide that issue at this time.

### B.     Retroactivity of Alleyne

As a general matter, the Antiterrorism and Effective Death Penalty Act ("AEDPA") requires that a prisoner file a petition to vacate, set aside, or correct his sentence within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Where, however, the petition relies on a new right that has recently been recognized by the Supreme Court, § 2255(f)(3) allows a habeas petition to be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

The petitions are untimely. Petitioners' convictions became final on December 5, 2002, when the time to file a petition for a writ of certiorari in the Supreme Court expired. See Supreme Court Rules 13.1, 13.3, 30.1; Clay v. United States, 537 U.S. 522, 525 (2003). Under § 2255(f)(1), Petitioners thus had until December 5, 2003 to timely file petitions. Their present habeas petitions, however, were not deemed filed until almost ten years later, on October 28, 2013. No. 13 Civ. 8069, Dkt. 7; No. 13 Civ. 8705, Dkt. 2. For this reason, Petitioners attempt to rely on the limitation period provided in § 2255(f)(3), arguing that they are asserting rights newly recognized in the Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). Pet'r's' Mem. of Law 11-23, 27-29; Pet'r's' Aff. 4. Their petitions are time barred unless they can demonstrate that Alleyne is retroactively applicable on collateral review, bringing

them within the limitation period of § 2255(f)(3).  Moreover, because Alleyne is the only basis upon which Petitioners request habeas relief, their petitions also fail on the merits if Alleyne is not applied retroactively on collateral review.

In Alleyne, 133 S. Ct. at 2155, 2161-63, the Supreme Court overruled Harris v. United States, 536 U.S. 545 (2002), and held that any factual predicate that increases a defendant's mandatory minimum sentence is an element that must be submitted to a jury and proved beyond a reasonable doubt.  The Court in Alleyne gave no indication that this rule was to be applied retroactively, see United States v. Redd, 735 F.3d 88, 91-92 (2d Cir. 2013), and new rules of constitutional law can be applied to a defendant's case on collateral review "only in limited circumstances," Schriro v. Summerlin, 542 U.S. 348, 351 (2004).  As the Supreme Court has explained:

> New *substantive* rules generally apply retroactively.  This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish. . . . New rules of procedure, on the other hand, generally do not apply retroactively. . . . [W]e give retroactive effect to only a small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.

Id. at 351-52 (footnote, citations, and internal quotation marks omitted).

Alleyne does not apply retroactively.  Alleyne is an "extension" of Apprendi v. New Jersey, 530 U.S. 466 (2000), see Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013), and, like Apprendi, "is about nothing but procedure—who decides a given question (judge versus jury) and under what standard (preponderance versus reasonable doubt)," Coleman v. United States, 329 F.3d 77, 84 (2d Cir. 2003) (citation omitted).  The new rule announced in Alleyne is thus not a substantive rule.  Whether a fact must be found by a judge or a jury is a "prototypical procedural rule[]," because it affects "only the *manner of determining* the defendant's culpability."  Schriro,

542 U.S. at 353-54. The Supreme Court, for example, has stated that Ring v. Arizona, 536 U.S. 584, 609 (2002)—which held that an aggravating circumstance necessary for the imposition of a death sentence must be found by a jury—articulated a rule of procedure rather than one of substance. Schriro, 542 U.S. at 353-54.

Because the new rule in Alleyne is procedural, it is only retroactive if it is a "'watershed rule[] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding," without which "the likelihood of an accurate conviction is *seriously* diminished." Id. at 352 (citations omitted). This class of rules is "extremely narrow." Id. In explaining why the new procedural rule established in Ring is not retroactive, the Supreme Court noted that when a judge instead of a jury determines a fact, it does not "so *seriously* diminish[] accuracy as to produce an impermissibly large risk of injustice." Id. at 356 (internal quotation marks omitted). That logic applies equally to Alleyne, because it, like Ring, announced a new type of finding that must be made by a jury, as opposed to a judge. The Seventh Circuit has observed that Schriro "implies that the [Supreme] Court will not declare Alleyne to be retroactive." Simpson, 721 F.3d at 876 (dictum); see also In re Payne, 733 F.3d 1027, 1030 (10th Cir. 2013) (dictum). Judges in this district, moreover, have consistently held that Alleyne is not retroactively applicable on collateral review. See, e.g., Diallo v. United States, No. 13 Civ. 6147 (LAK), 2013 WL 6669407, at *2 (S.D.N.Y. Dec. 11, 2013); Rose v. United States, No. 13 Civ. 5885 (SAS), 2013 WL 5303237, at *3 (S.D.N.Y. Sept. 20, 2013); Avile v. United States, No. 13 Civ. 4990 (RMB), 2013 WL 4830968, at *3 (S.D.N.Y. Sept. 4, 2013). This Court is of the same view: because Alleyne announced a new rule of procedure but not a "watershed rule" without which the accuracy of a conviction would be seriously diminished, it does not apply retroactively to the Petitioners' § 2255

6

petitions.[1]

### III. Conclusion

For the foregoing reasons, Petitioners' habeas petitions are denied. Because Petitioners have not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. See Middleton v. Attorneys Gen. of the States of N.Y. and Pa., 396 F.3d 207, 209 (2d Cir. 2005). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the instant Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. The Clerk of the Court is directed to deny the instant petitions and close the cases.

SO ORDERED.

Dated:     May 15, 2014
           New York, New York

                                        Ronnie Abrams
                                        United States District Judge

---

[1] Construing their *pro se* filings liberally, as the Court must, see Bell v. Ercole, 631 F. Supp. 2d 406, 413 (S.D.N.Y. 2009), Petitioners may also be attempting to argue that they are entitled to equitable tolling of the one-year period of limitation under AEDPA. Because Alleyne is the only basis for relief presented in their petitions and, as the Court has explained, Alleyne is not retroactively applicable on collateral review, equitable tolling would not save the petitions.